EDWARD CROFT (ALIAS EDWARD CRAFT), PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Former trial and acquittal—when a bar to a second trial.*

The plaintiff in error was indicted for uttering and publishing a forged check, drawn upon the Second National Bank, the indictment being defective in alleging that the bank, instead of the prisoner, had knowledge of the falsity and forgery of the check. Notwithstanding this defect, he was tried, and the jury, without leaving the bar, found the prisoner not guilty. A second indictment, proper in form, was then found, upon which he was tried and convicted, he objecting on the ground of his former trial and acquittal.

*Held,* that as it did not appear that the former acquittal resulted from a variance between the indictment and proof, or from any exception to the form and sufficiency of the indictment, the presumption was that the acquittal was on the merits, and that it was, therefore, a bar to a second trial.

WRIT OF ERROR to the Court of General Sessions of New York, to review the conviction of the plaintiff in error of the crime of forgery.

*J. M. Guiteau,* for the plaintiff in error.

*Benj. K. Phelps* (district attorney), for the people.

Daniels, J.:

The prisoner was indicted for forging, and also for uttering and publishing as true, a forged check, signed by M. E. Dows, and drawn upon the Second National Bank. He had been previously indicted defectively for the same offenses. By the first count of the preceding indictment, he was charged with forging the same check, but it was stated to have been drawn on the "Second," instead of the Second National Bank. And the second count of the indictment, instead of charging him, as the second indictment did, with uttering and publishing the check knowing the same to be false, forged and counterfeited, simply stated in place of that allegation, " the said Second National Bank, at the same time he so uttered and published the last-mentioned false, forged and counterfeited bank check as aforesaid, then and there well knowing the same to be false, forged and counterfeited." Instead of charging the prisoner, as it should, with this guilty knowledge, it charged the knowledge upon the bank, which formed a very substantial defect in the indictment. But the prisoner, notwithstanding this defect, was placed upon his trial on this indictment, and the trial resulted in his acquittal. That was relied upon as a defense to the second indictment, against the form of which no objection could properly be made. But as the district attorney did not regard the evidence which he could produce as sufficient to justify a conviction under the first count, which was for the forgery, that was nolle prosequied; and to the second count, then being all that there remained of the indictment, the prisoner specially pleaded his previous trial and acquittal. To this the district attorney demurred, and the people had judgment on the demurrer. The plea itself forms no part of the present record, and for that reason it cannot be determined that this decision was erroneous. But, in support of the decision made, it must be presumed that the plea was for some reason so defective as a defense as to warrant the disposition which was made of it.

The facts themselves, however, were shown upon the trial of the second indictment. And from them it simply appears that the prisoner was "tried and acquitted;" that "the jury, without leaving the bar, say they find the prisoner not guilty." When these facts came into the case does not clearly appear, otherwise than in the pro-

ceedings stated to have been taken upon the defendant's plea.
But they were assumed as being fully before the court for its con-
sideration and action; and the court was rather informally requested
to direct an acquittal, because of the result of the formal trial.
To the refusal to do that, an exception was taken; and as these
former proceedings have been assumed, as they now appear at the
end of the case, in the arguments upon each side, they should be
regarded as established, in the disposition which, upon their basis,
should be made of the case.    And considered in that manner they
do not present a case where, upon a defective indictment as the
first clearly was, the prisoner was on that account acquitted.
Although it was materially defective, it was entirely competent
for the prisoner to allow the charge, intended to be made against
him, to be tried on the evidence and the facts that it might be
found to establish.    And if that was done, the acquittal would be
a bar to another and more perfect indictment for the same offense.
The statute of this State clearly contemplates that condition of
the law.    It has been framed and enacted upon that theory; and
to carry it out, it has enacted that " when a defendant shall have
been acquitted of a criminal charge, upon trial, on the ground of
a variance between the indictment and the proof, or upon any excep-
tion to the form or substance of the indictment, he may be tried
and convicted upon a subsequent indictment for the same offense."
(3 R. S. [5th ed.], 989, § 34.)    But this section cannot be allowed
to control this case, for the reason that it does not appear that the
former acquittal resulted either from a variance between the
indictment and the proof, or from any exception to the form or
substance of the indictment.    On the contrary, from the fact that he
was tried and acquitted, the presumption arises that it was on the
merits of the case.    If that had not been the truth, something
should certainly have been disclosed showing the facts to have
been otherwise.    In the absence of such evidence, it cannot be
presumed that the acquittal was produced by a variance, or in con-
sequence of any exception taken to the indictment.    But the
presumption, on the other hand, arising out of the facts of a trial
and an acquittal is, that it was on the merits, and was justified by
the evidence.    And when that is the case, the next section of the
statute must govern the disposition which should be made of another

indictment for the same offense. By that it has been declared, that "where a defendant shall have been acquitted upon trial on the merits and facts, and not upon any grounds stated in the last section, he may plead such acquittal in bar of any subsequent accusation for the same offense, notwithstanding any defect, in form or in substance, in the indictment upon which such acquittal was had." (3 R. S. [5th ed.], 989, § 35.) The case, as it appeared on the evidence for the defendant, was within this section of the statute. It appeared that the prisoner had before been tried and acquitted on the merits and facts, because it was shown that he was tried and acquitted generally without any qualification or restriction, in the signification of those terms; and when used in their general sense as they were — they import such a trial and acquittal. To bring a case within the preceding provisions of the statute, it must appear in fact that the acquittal resulted from a variance between the evidence and the indictment, or from some exception to the from or substance of the latter. That did not appear in the present case, but it did appear from the legal significance of the terms used to indicate what had been done, that the previous acquittal was on the merits and facts, and for that reason it was a legal bar to another accusation and trial.

The judgment should therefore be reversed, and a new trial ordered.

Ingalls, P. J., and Potter, J., concurred.

Judgment reversed and new trial ordered.